UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

MICHAEL MONTEAGUDO,

Plaintiff,

**JURY TRIAL DEMANDED**

vs.

ROADWAY, INC., a Florida for-profit corporation,
and GUSTAVO R. LOVATO,

Defendants.
_______________________________________/

**COMPLAINT FOR DAMAGES**

Plaintiff, MICHAEL MONTEAGUDO ("MONTEAGUDO") by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, ROADWAY INC., a Florida for-profit corporation, (hereinafter "ROADWAY"), and GUSTAVO R. LOVATO, (hereinafter "LOVATO") and states as follows:

**INTRODUCTION**

1. This is an action to recover unpaid overtime compensation and minimum wages, respectively, under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq*, (hereinafter "FLSA"), the Florida Constitution, and Section 448.110 Florida Statutes.

**JURISDICTION**

2. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §§1331.

3. During all times material hereto, ROADWAY had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise

working on goods or materials that have been moved in or produced for commerce, as set forth in 29 U.S.C. §203(r) and 203(s).

4. Defendants operated a tow truck company. Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

5. During the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

6. The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

7. The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

8. The venue of this Court over this controversy is based upon the following:

    a. The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida; and,

    b. Defendants are and continue to be a corporation and an individual doing business within this judicial district.

## PARTIES

9. At all times material hereto, the Plaintiff, MONTEAGUDO was and continues to be a resident of Miami, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

10. At all times material hereto, Defendants knowingly, maliciously and willfully failed to pay the Plaintiff his lawfully earned wages in conformance with the FLSA.

11. At all times material hereto, the corporate Defendant, ROADWAY was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

12. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by the Defendants.

13. Defendant, LOVATO was an owner and/or manager who was involved in the day-to-day operations and/or was directly responsible for the supervision of the Plaintiff. Therefore, he is personally liable for the FLSA violations.

14. Defendant, LOVATO was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff.

15. The Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATMENT OF FACTS**

16. On or about January 6, 2014, Plaintiff, MONTEAGUDO began working for Defendants as a tow truck driver at the Defendants' towing business. His employment terminated on or about June 24, 2014. He was re-hired on July 14, 2014 and his employment was terminated on July 23, 2014.

17. Plaintiff, MONTEAGUDO was paid on a commission basis.

18. Plaintiff, MONTEAGUDO, worked approximately 72 to 84 hours per week.

19. Plaintiff, MONTEAGUDO's effective hourly rate was below the minimum wage.

20. During the Plaintiff's' employment, he worked in excess of 40 hours per week during his employment.

21. Plaintiff, MONTEAGUDO was not paid overtime at the rate of time and one-half his regular rate of pay, for their hours in excess of forty in a workweek.

22. Due to the large numbers of hours worked by the Plaintiff, and the small amount of wages paid to Plaintiff in many weeks, he was paid below the federal and state minimum wage during his employment.

23. Defendants knowingly operated their business with a policy of not paying wages in conformance with the FLSA, to the Plaintiff.

24. Plaintiff has retained Bober & Bober, P.A. to represent him in this litigation and have agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM:**

**COUNT I**

**VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)**

25. Plaintiff realleges Paragraphs 1 through 24 as if fully stated herein.

26. In addition to Plaintiff's normal, regular work week, Plaintiff worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half his regular rate of pay.

27. Plaintiff was entitled to be paid at the rate of time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

28. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for hours worked by Plaintiff in excess of the maximum hours provided for in the FLSA. Plaintiff was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

29. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if

necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

30. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when they knew or should have known such was due.

31. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

32. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

33. Due to the intentional and unlawful acts of Defendants, Plaintiff has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

34. Plaintiff is entitled to an award of their reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaratory relief pursuant to the FLSA finding that employees, including Plaintiff, who worked for the Defendants within the last three years were not paid overtimes wages for all hours in excess of forty, as required by FLSA, 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**COUNT II**

**VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

35. Plaintiff realleges Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

36. Plaintiff's employment with the Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

37. 29 U.S.C. § 206 and requires that any non-exempt employee covered by the FLSA be paid their minimum wages.

38. Plaintiff worked hours and weeks for the Defendants for which he was paid below the FLSA statutory minimum wage.

39. As a direct and proximate result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

WHEREFORE, Plaintiff respectfully requests:

a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. Declaratory relief pursuant to the FLSA finding that employees, including Plaintiff, who worked for the Defendants within the last three years were not paid minimum wage for all hours worked as required by the Act; and

f. all other and further relief this Court deems to be just and proper.

**COUNT III**

**VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLORIDA STATUTES (UNPAID MINIMUM WAGE)**

40. Plaintiff realleges Paragraphs 1 through 24 as if fully stated herein.

41. Pursuant to Article X, Section 24 of the Florida Constitution, and Section 448.110 Florida Statutes, Defendants were required to pay Plaintiff at least the applicable Florida minimum wage.

42. During Plaintiff's employment, Defendants paid Plaintiff less than the statutory minimum wage for many of his work hours. The Defendants acted willfully.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X of the Florida Constitution, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to her back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for *each* such willful violation;

      g. declaratory relief pursuant to the Florida Constitution and Florida Statutes finding that employees, including Plaintiff, who worked for the Defendants within the last five years were not paid minimum wage for all hours worked as required; and

h. Awarding such other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated: August 28, 2014.

Respectfully submitted,

BOBER & BOBER, P.A.
Attorneys for Plaintiff
1930 Tyler Street
Hollywood, Florida 33020
Telephone: (954) 922-2298
Facsimile: (954) 922-5455
peter@boberlaw.com
samara@boberlaw.com

By: _s/. Peter Bober________
PETER J. BOBER
FBN: 0122955
SAMARA ROBBINS BOBER
FBN: 0156248